JAMES R. GAMBLE v. WILLIAM C. DALRYMPLE ET AL.

The 13th section of the act concerning proceedings in the district court having provided that non-resident parties shall be served with citation by publication in a newspaper, other modes of service upon such parties are thereby superseded, and it is not competent to obtain jurisdiction of a non-resident party by a substituted service upon the attorney of a party claiming under such non-resident. (Paschal's Dig., Art. 25, Note 233.)

A judgment based upon such an unwarranted mode of service (the defendant having moved to set it aside) cannot be sustained, and will be reversed on error. (Paschal's Dig., Art. 25, Note 233.)

ERROR from Williamson. The case was tried before Hon. EDWARD H. VONTRESS, one of the district judges.

Suit by one W. T. M. Dickson against W. C. Dalrymple and O. T. Tyler on their due-bill for $921. The due-bill was payable to Gamble, the plaintiff in error, and Dickson brought the action in the character of the holder and

38—XXVIII

owner by delivery of the due-bill.    Service on the defend-
ants was duly had.

At the spring term, 1858, the defendants answered
under oath, and impeached the consideration of the due-
bill for fraud.   They further alleged, that Dickson obtained
it without consideration, and with a full knowledge of the
fraud in the original transaction on which it was founded.

At the spring term, 1859, the defendants amended, and
filed a plea in reconvention.   They alleged that they were
partners in the transaction; that Gamble, the payee of the
due-bill, was its real owner, and the only party interested
in the prosecution of this suit.   They aver that Gamble is
a non-resident of the State, and is endeavoring, in the name
of Dickson, to obtain judgment against them; and they
pray that the filing of their plea in reconvention be held
and taken as good service upon Gamble.

On the filing of this plea the court ordered that service
upon A. S. Walker, the attorney of the plaintiff, Dickson,
should be service on Gamble.

At the succeeding term, Gamble appeared and excepted
to the sufficiency of the service attempted to be obtained
upon him in the manner above indicated.   There were
various other pleadings upon both sides, but there is no
occasion to notice them in detail.

The jury found a special verdict against Dickson and
Gamble, and judgment was rendered accordingly.   Gam-
ble sued out his writ of error.

[It will be seen that the case turned upon the sufficiency
of the service upon Gamble, which the court ordered to
be made upon the attorney of the nominal plaintiff, and in
reversing the court failed to announce the usual principle,
that the appearance to appeal, on the next trial, would be
considered sufficient to require defense.—*Reporter.*]

*A. S. Walker*, for plaintiff in error.—In behalf of appel-
lant, Gamble, it is respectfully urged—

I. That the substituted service on A. S. Walker, attorney for plaintiff, Dickson, was insufficient, and that Gamble ought not to be bound thereby, for the reasons—

1. The service is unauthorized by statute law. The only mode of service provided for non-residents is by publication in a newspaper for four successive weeks prior to the return day. (O. & W. Dig., § 418.)

2. It is not in accordance with the practice of the court, as a chancery court, "in ordering extraordinary service independent of" statutory enactment. No formal motion was made of record in writing. The bill in reconvention, seeking such service, was not verified by affidavit of the defendants. No admissions of Gamble of record, or statements in the pleadings of plaintiff, established the material allegations of the bill, nor by any other mode was the application of such service supported. The service on the attorney would be unwarranted even if he had appeared in the original suit on the note as attorney for Gamble. Where the courts of law and equity are separate, service on an attorney at law would only be good service for the purpose of obtaining an injunction to restrain proceedings at law on the identical matter in which the attorney is engaged, and in no other case. (Dan. Ch. Prac., 503.)

In the case referred to "there was a cause and a cross-cause, and, the plaintiffs in the original bill being many, and several of them out of the jurisdiction, and others not to be found, a motion was made that service on their clerk in court should be good service, which was refused. (3 Brown Ch., 729.) A motion of the same nature was made in Bond v. The Duke of Newcastle; and Lord Thurlow, after consulting the registrar, said it could not be done even in a cross-cause, or upon a supplemental bill, for they are distinct suits, in which the attorney or clerk in court have no authority to appear, and the court will not bring a party into contempt for non-appearance, when for want of privity he may know nothing of the order to appear."

(Dan. Ch. Prac., 515; 3 Brown's Ch., 386.) In the pages following, (506, 507,) the general doctrine as to service on an agent, in discussing the opinion in Hobhouse v. Courtney; 12 Sim., 140, it is stated, "that in all cases the court must be well satisfied that the person upon whom the substituted service is sought to be effected has not merely authority from the defendant to act generally in his affairs, but that he had a special authority having reference to the subject matter of the suit."

And the vice chancellor, in regard to the cases cited above, observed further, "that the person upon whom the substituted service was sought to be effected, and who was the clerk in court of the absent party, had no authority to act for him in any capacity whatever, except as his clerk in court, and he had that authority with respect to the original suit only. He could not stand, therefore, in the situation of a person specially authorized to act as the agent of the absent party in the matter of the amended bill." (Dan. Ch. Prac., 507.)

Applying these principles to the case at bar, where is the right making such service good? No injunction was needed or sought. The defense against the note in Dickson's hands was as perfect as if Gamble was in court asking the money. The defendants had no need of Gamble in making their defense to the suit as instituted. They suffered nothing in the bearer suing, instead of the non-resident owner.

No brief for defendants in error furnished to the *Reporter.*

DONLEY, J.—The first error assigned in this cause is, "that the court erred in requiring the said James R. Gamble to be made a party defendant, and in making service on A. S. Walker a service on him, Gamble, and sufficient to compel him to answer, and in overruling the motion to quash said service, made by said Gamble before answering further."

It appears from the evidence in the cause that the plaintiff in error was a non-resident of the State, nor does he appear to have been in the State at any time after the institution of the suit.

Article 418 of O. & W. Dig. provides that, "If the plaintiff, his agent or attorney, shall, at the time of the institution of his suit, or at any time during the progress thereof, make affidavit before the clerk of the court that the defendant is not a resident of this State, or that he is absent from the State, or that he is a transient person, or that his residence is unknown to the affiant, the clerk of the court shall issue a citation to the proper officer, (which citation shall contain a brief statement of the cause of action,) commanding the said officer to summon the defendant by making publication of the citation in some newspaper published in the county where the writ issued, if there be a newspaper published in said county, but if not, then in the nearest county where a newspaper is published, for four successive weeks previous to the return day of such process." (Paschal's Dig., Art. 25, Note 233.)

The service authorized by law in cases of non-resident defendants is by publication in a newspaper. To have authorized service by publication, there should have been an affidavit, as provided in the law above cited. This service is not made in the manner authorized by law.

The statute having provided that non-resident parties shall be served by publication in a newspaper, supersedes other mode of service. It is believed that, the law having provided what shall be sufficient service in all cases of non-resident as well as of resident parties, it is not competent for a party to adopt a substituted service. It is certain that the service on which it is sought to make the plaintiff in error amenable to the judgment of the court is not to be found in any statute of the State, nor is it believed to have a precedent in any adjudicated cause in this court. No necessity is perceived for departing from

the rule prescribed by the law. If the defendants in error desired to make the plaintiff in error a party to this cause, the law had prescribed the course to. be pursued. They have not thought proper to follow the directions of those whose duty it is to prescribe the rule; and as they show no warrant in the law for the substituted course which they have adopted, the action of the court founded on this unauthorized service cannot be sustained.

The judgment is reversed, and the cause

　　　　　　　　　　　　　　　　　　Remanded.